161 So.2d 507

**Ex parte William L. ANDERSON.**

**7 Div. 764.**

Court of Appeals of Alabama.

Feb. 25, 1964.

William L. Anderson, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

Anderson seeks by original petition to obtain our leave to file in the Cherokee Circuit Court a petition for writ of error coram nobis.

Anderson's principal ground is that while he was a pauper the trial court, upon his conviction in 1958, failed and refused to furnish him counsel for defense on an indictment for second degree murder, whereunder he was convicted for voluntary manslaughter.

A prior petition was denied in 1962. 41 Ala.App. 620, 147 So.2d 862.

This 1962 opinion, of course, antedated Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and the recently enacted statute, Act No. 526, September 16, 1963 (1963 Acts, p. 1136).

The Attorney General has, by motion, joined in the request that the matter be heard in the Cherokee Circuit Court. Whether or not this is to be treated as a confession of error (in hopes of setting up

an appellate record to pass upon the retro-activity of Gideon v. Wainwright, supra) is immaterial. Without approving or disapproving any particular ground in the Attorney General's motion, we hold that the petition itself raises a question deserving review by the circuit court.

Hamilton v. State, 273 Ala. 504, 142 So.2d 868, seems to put at rest any speculation as to whether or not failure to furnish a pauper with counsel is reviewable by way of writ of error coram nobis.

We note in passing that in the proceedings referred to in 147 So.2d 862, the petitioner then was seemingly able to pay the court reporter for the transcript of the evidence taken on his trial in 1958. This circumstance illustrates the need for the trial court to determine the threshold question of Anderson's poverty at the time of his indictment and trial.

From the poor prisoner's lawyer statute, we consider the following excerpt as being here apt:

"Section 6. In proceedings filed in the circuit court, * * * including proceedings for habeas corpus and coram nobis or other post conviction remedies, * * * the trial * * * judge * * * of the court in which such proceedings may be commenced or pending may appoint counsel to represent and assist those persons so charged or convicted if it appears to the court that the person charged or convicted is unable financially or otherwise to obtain the assistance of counsel and desires the assistance of counsel and it further appears that counsel is necessary in the opinion of such judge to assert or protect the rights of such person. It shall be the duty of such counsel as herein provided to represent and assist said person in said proceeding.

"Section 7. Counsel appointed in such proceedings shall be entitled to receive for their services a fee to be fixed by the judge appointing him not to exceed $100.00 per case to be submitted, approved and paid in the same manner as hereinabove provided.

"Section 8. In ascertaining the fact of indigency as required by this Act the judge in said proceeding may order the sheriff, the solicitor, parole or probation officers, or the Department of Pensions and Security, to make investigation and file a report with the court."

Properly speaking, this question should have been determined by proof accompanying the petition for leave to file with the circuit court. But in view of the Attorney General's willingness to waive such a showing, we consider the petition is due to be granted.

■ We have not appointed counsel to represent Anderson before us on the question of his petition for leave to file because we consider the granting of the instant petition is without restriction. That is, in any coram nobis petition filed in the circuit court, we consider that Anderson should be permitted to raise any other pertinent and proper claim within the scope of coram nobis.

Petition granted.