169 So.2d 436

**Ex parte Floyd ALLISON.**

**6 Div. 66.**

Court of Appeals of Alabama.

Nov. 3, 1964.

Rehearing Denied Nov. 24, 1964.

Floyd Allison, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an application for a writ of error to the Walker Circuit Court. Allison says he was there adjudged guilty of grand larceny February 1, 1963. He makes out a *partial* claim of lack of counsel.

There are two reasons for denying this application: *First,* his allegation is that he "was not allowed *the* counsel of his choice, or any other *authorized* representative," (italics added) and, *second,* he had a coram nobis hearing in the Walker Circuit Court and took no appeal.

### 1.

 Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, cannot be put in effect where a defendant in the words of Carnley v. Cochran, 369 U.S. 506, 82 S. Ct. 884, 8 L.Ed.2d 70, "intelligently and understandingly rejected the offer [of counsel]."[1] The Attorney General, by motion, states Allison expressly waived counsel.

### 2.

Having proceeded in June, 1963—after Gideon v. Wainwright had become final and was presumptively known throughout the prison system—to have his conviction reviewed by way of coram nobis, Allison was afforded prima facie an opportunity to raise any question regarding his indigency and his having or not having a lawyer at his trial on the grand larceny indictment.

When the trial court hears coram nobis, all questions available thereunder are open and will be presumed as having been at issue. Ex parte Anderson, 42 Ala.App. 294, 161 So.2d 507. Matters raised at coram nobis are quasi res judicata. Allen v. State, 42 Ala.App. 9, 150 So.2d 399.

A coram nobis proceeding is civil in nature. Ex parte Wilson, 275 Ala. 439, 155 So.2d 611. The time to appeal is the six months analogized from Code 1940, T. 7, § 788. Allen v. State, supra.

Now, however, under Code 1940, T. 15, § 368, appeal time from the original judgment of conviction has expired. Though the time to sue out a writ of error does not run along with that for appeal, nevertheless the matters here complained of lie in proof outside the record. This is amenable to coram nobis review but not by way of error.

Application denied.

---

[1]. Many a defendant, supposing a jury more merciful toward a man without the help of the wile or guile of a lawyer, shows up for trial barefooted, clad in worn overalls with wife and child, preferably one unweaned. As a Dutch juge d'instruction noted of the wife of a Chinese defendant in a Javanese Court, "Ja, and when the questions get bad, she pinch the baby, too."