197 So.2d 281

**John D. CHILDERS**

v.

**STATE.**

**6 Div. 273.**

Court of Appeals of Alabama.

Jan. 31, 1967.

Rehearing Denied Feb. 21, 1967.

Izas Bahakel, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal filed January 20, 1967, is from the second denial of coram nobis.

In 1960 appellant, Childers, was indicted for robbery. On February 21, 1961, accompanied by court appointed counsel, he withdrew a prior not guilty plea and entered a plea of guilty. The jury fixed punishment at twelve years imprisonment. The appellant did not take an original appeal from this conviction.

The appellant filed two petitions for writ of error coram nobis. In both he averred he was not afforded due process in that he was originally arraigned in February 1961 without counsel, or the assistance of counsel. At the same time the court (1) appointed counsel (presumably entering a plea of not guilty), and (2) set trial for February 21, 1961.

On February 21, 1961, accompanied by court appointed counsel, Childers, in open court, withdrew his plea of not guilty and pled guilty.

The first coram nobis petition was denied in 1964. No appeal was noted. The second was denied in 1966.

### I.

█ The plea of guilty purged the record of error unless petitioner proves clear-

ly that it was extorted by duress, fraud, intimidation or deception of some sort. Stephens, 36 Ala.App. 57, 52 So.2d 169; Freeland v. State, 43 Ala.App. 406, 191 So.2d 245; Argo v. State, 43 Ala.App. 564, 195 So.2d 901 (Ms., January 17, 1967).

### II.

█ Supreme Court Rule 50 does away with requiring a trial court's entertaining repetitive coram nobis applications. The second petition here was stale. Childers did not appeal from the denial of his first coram nobis petition.

The trial court's judgment of March 3, 1966, sought to be reviewed here rests on Rule 50.

This judgment is due to be

Affirmed.

### On Rehearing

CATES, Judge.

Counsel for appellant in support of rehearing argues:

"This Honorable Court apparently based its decision to affirm the lower Court's decision upon the theory that there was compliance with law that requires indigent persons to be represented by competent counsel at every critical stage of the proceedings against him. Counsel for the State stated in his brief submitted in this cause that there was a 'not guilty' plea entered on November 2, 1960 by this appellant at a time that he was represented by counsel. After diligently searching the record, I fail to find where such an arraignment was ever held. Therefore, this leaves the same naked situation, an indigent defendant, not represented by counsel, being required to enter a plea at a critical stage of the proceedings against him. Powell vs. Alabama, 287 U.S. 45, 69, [53 S.Ct. 55, 77 L.

Ed 158.]; Hamilton vs. Alabama, 368 U.S. 52, [82 S.Ct. 157, 7 L.Ed.2d 114], * * * The transcript would have reflected an arraignment on November 2, 1960 had there been one on that date of appellant. Actually, it appears that originally the case was set for trial on November 2, 1960 but was for some reason continued to February 21, 1961.

"We respectfully submit that the fact appellant did not appeal from the denial by the Trial Court of the first Writ of error coram nobis should not deprive him of his Constitutional rights in view of the circumstances—for we think it should be borne in mind that this appellant was locked up in jail, without money, without an income and without any way to interest any lawyer to take his case. If in fact, the Appellant should have had counsel at his initial arraignment, and if, as the facts appear from the transcript, he did not, we think that it is in order, if our democracy is to survive, that this appellant be forthwith given the relief for which he prays.

"Regarding the holding that 'The plea of guilty purged the record of error unless petitioner proves clearly that it was extorted by duress, fraud, intimidation or deception of some sort'. Appellant contends intimidation by his counsel did exist, it would seem, since he states in his petition for error coram nobis that his court appointed counsel misinformed him as to the law with respect to the admissibility into evidence of the fact that certain items were found in appellant's hotel room by arresting officers after appellant's arrest."

We recapitulate: (a) a plea of guilty in open court *with counsel present* rests on a different conceptual fundament from an extra-judicial confession, particularly in that the defendant carries the burden of persuasion; (b) repeated petitions in coram nobis are limited by Supreme Court Rule 50; and (c) the claim that Childers was coerced by his lawyer was basically a question of fact presumptively known both at the time of pleading guilty and at the time of the first coram nobis hearing.

Since the record (minutes) of the original arraignment is not in the record before us, we forego speculating what it might or might not disclose.

Application overruled.