211 So.2d 450

**Robert McCRAY**

v.

**STATE of Alabama.**

**3 Div. 348.**

Supreme Court of Alabama.

May 23, 1968.

John L. Capell, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

Defendant appeals from an order dated June 13, 1967, dismissing his petition for writ of error coram nobis.

In 1964, the grand jury returned three indictments against defendant. Two indictments charged commission of the offense of robbery against two different persons. The third indictment charged grand larceny. Counsel was appointed to represent defendant on arraignment and he pleaded not guilty to each indictment.

On August 3, 1964, the day set for trial, defendant appeared with his counsel, withdrew his plea of not guilty to both robbery indictments, and pleaded guilty to both robbery indictments. The indictment for grand larceny was nolle prossed.

A jury fixed the punishment at life imprisonment on one robbery indictment and ten years' imprisonment on the other robbery indictment.

On June 18, 1965, defendant filed a petition for writ of error coram nobis. In

that petition, defendant stated the question as follows:

## "QUESTION

"Were the petitioners rights violated by the denial of counsel at preliminary hearing and at arraignment? Does an appraisal of the totality of facts show that the petitioner was denied his rights as guaranteed to him by the 6th and 14th Amendments of the Constitution of the United States, as well as the Constitution and laws of the State of Alabama?

On December 13, 1965, the court heard evidence in support of the petition and denied relief. Defendant was represented by counsel on the hearing. No appeal was taken from the 1965 judgment, but included in the instant record is a transcript of the evidence taken on the 1965 hearing. The record supports the 1965 judgment denying relief.

On November 16, 1966, defendant filed the instant petition for writ of error coram nobis, in which petition defendant states the question in language substantially identical with the language stating the "QUESTION" in the 1965 petition, except that the words "and at arraignment" are omitted from the instant 1966 petition.

The state filed a motion to strike the instant petition on the ground that the grounds for relief in the instant petition are the same as the grounds set forth in the 1965 petition and that the 1965 petition had been denied. The motion to strike is in reality in the nature of a plea of res judicata.

The trial court appointed counsel to represent defendant at the hearing on the instant petition. The court held that the grounds in the instant petition are the same grounds set out in the 1965 petition, and the court dismissed the instant petition.

Repeated petitions for writs of error coram nobis containing the same allegations or grounds for relief should not be entertained. Allen v. State, 42 Ala.App. 9,

150 So.2d 399, cert. den. 275 Ala. 691, 152 So.2d 439; Isbell v. State, 277 Ala. 256, 169 So.2d 20; Nolan v. State, Ala.App., 199 So.2d 178; Revised Supreme Court Rule 50, 279 Ala. XLIII, 1958 Recompilation Code of 1940, 1965 Pocket Parts, page 183.

The ground for relief in the instant petition is the same as one of the grounds relied on in the 1965 petition; that is, that defendant's rights were violated by the denial of counsel at preliminary hearing. Defendant was represented by counsel and was given a full hearing and opportunity to prove his right to relief on that ground in 1965.

Because defendant had been fairly heard on this same ground and judgment denying relief had been rendered in 1965, we do not think defendant was entitled to prosecute a second petition for writ of error coram nobis on the same ground in 1966. For that reason we hold that the court did not err in denying relief in the instant case.

Affirmed.

LIVINGSTON, C. J., and HARWOOD and KOHN, JJ., concur.