222 So.2d 375

**Carl E. DIXON**

v.

**STATE.**

**6 Div. 413.**

Court of Appeals of Alabama.

April 29, 1969.

Hutson & Elrod, Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

Clarence T. Hellums, Jr., Tuscaloosa, for appellant.

■■■■■■■■■■■■■■■■

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

ALMON, Judge.

This appeal is from the second denial by the Tuscaloosa County Circuit Court of appellant's petition for writ of error coram nobis.

On July 28, 1966, appellant was indicted for the offense of robbery. On January 18, 1967, appellant, accompanied by court-appointed counsel, withdrew his plea of not guilty and interposed a plea of guilty, receiving a sentence of ten years in the State penitentiary.

■■■■ Appellant filed two petitions for writ of error coram nobis. The first was filed March 13, 1968, alleging that the appellant was denied effective and adequate counsel, that his counsel had a possible conflict of interest, and that appellant had a valid defense. This petition was denied March 13, 1968, and there was no evidence in the transcript indicating an appeal thereon. The second petition for writ of error coram nobis was filed June 24, 1968, alleging substantially the same grounds as the first, save for the allegation that the appellant's guilty plea was coerced. The same not being supported by the record. This second petition was denied August 13, 1968.

In Childers v. State, 43 Ala.App. 594, 197 So.2d 281, this court stated:

"The plea of guilty purged the record of error unless petitioner proves clearly that it was extorted by duress, fraud, intimidation or deception of some sort. Stephens v. State, 36 Ala.App. 57, 52 So.2d 169; Freeland v. State, 43 Ala. App. 406, 191 So.2d 245; Argo v. State, 43 Ala.App. 564, 195 So.2d 901 (Ms., January 17, 1967).

"Supreme Court Rule 50 does away with requiring a trial court's entertaining repetitive coram nobis applications. The second petition here was stale. Childers did not appeal from the denial of his first coram nobis petition."

Therefore, the trial court's judgment reviewed here is due to be and the same is hereby

Affirmed.