269 So.2d 628

Eric Charles MORRIS

v.

STATE.

6 Div. 426, 6 Div. 427.

Court of Criminal Appeals of Alabama.

Nov. 14, 1972.

Eric Charles Morris, pro se.

No brief from the State.

HARRIS, Judge.

Appeal from denial of coram nobis.

Appellant filed two, but separate, petitions for writs of error coram nobis in the Circuit Court of Jefferson County attacking his conviction in Circuit Court Case Number 27053½ (6 Div. 426) on a charge of burglary in the first degree in which he was sentenced to a term of ten years in the penitentiary, and Circuit Court Case Number 27054½ (6 Div. 427) wherein he was convicted of murder in the first degree and sentenced to life imprisonment. The peti-

tions are identical as to verbiage, punctuation and misspelling. There is no doubt that these petitions are *pro se* or were prepared with the help of other inmates at Holman Prison. They are submitted here on the record. We will treat the petitions as one for disposition in this Court.

According to the records, appellant was convicted of both offenses on June 10, 1968. No appeals were perfected.

The State filed identical motions to dismiss. Seven, eight, nine, and ten grounds of the motion are as follows:

"7. This is the second petition for Writ of Error Coram Nobis filed by the Petitioner in this case. The first Petition was filed on August 27, 1969, and it was heard on November 14, 1969. Petitioner was represented by Attorney Vincent Brown and the Petition was denied by the Court. A copy of the Court Decree in the first case is incorporated by reference and attached hereto as if fully set out herein as exhibit A to the Motion to Dismiss.

"8. The Petitioner contends in the second petition that he was not given the MIRANDA WARNING before a confession was made to the investigating officers in this case.

"9. The Supreme Court of Alabama has held 'In absence of petition containing cogent and compelling reasons why all grounds relied upon were not included in first petition for Writ of Error Coram Nobis, which has been determined, Supreme Court will not order Circuit Court to entertain or hear second Coram Nobis petition relating to same conviction.

"10. The Sentencing Court shall not be required to entertain a second or successive petition for Writ of Error Coram Nobis for similar relief on behalf of the same prisoner. A successive or different ground will not be entertained unless good cause is shown why the new ground or grounds were not known or could not have been reasonably ascertained when the first petition was heard, Supreme Court Rule 50."

The court granted the State's motion to dismiss. From the record:

"THE COURT: All right, sir. I'll grant the state's motion to dismiss the petition for error coram nobis. I have already heard a coram nobis filed in this matter before in which Mr. Vincent Brown represented him. Do you wish to appeal my ruling?

"PETITIONER: Yes, sir.

"THE COURT: The court reporter is ordered to furnish the petitioner a transcript for appeal."

In Rickard v. State, 44 Ala.App. 281, 207 So.2d 422, the then Court of Appeals, per Cates, J., held that a second petition for writ of error coram nobis, which failed to explain why asserted ground was not set forth in prior petition, was properly dismissed. There the Court said:

"Nowhere in the instant petition does Rickard explain why he failed to set forth the now averred grounds in his former applications for the writ. The State's motion was well taken. * * * *"

In Dixon v. State, 45 Ala.App. 45, 222 So.2d 375, (quoting from Childers v. State, 43 Ala.App. 594, 197 So.2d 281), we find this statement:

"Supreme Court Rule 50 does away with requiring a trial court's entertaining repetitive coram nobis applications. The second petition here was stale. Childers did not appeal from the denial of his first coram nobis petition."

See also McCray v. State, 282 Ala. 315, 211 So.2d 450.

The above authorities are controlling here.

Affirmed.

All the Judges concur.