**Robert G. McCRAY, Petitioner-Appellant,**

v.

**STATE OF ALABAMA, Respondent-Appellee.**

No. 72–3543
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.
March 27, 1973.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Richard H. Dorrough, Montgomery, Ala. (Court-Appointed), for petitioner-appellant.

William J. Baxley, Atty. Gen., Don C. Dickert, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Robert G. McCray, a prisoner incarcerated by the State of Alabama under two convictions for robbery, appeals from the denial of his latest petition for a writ of habeas corpus. We affirm.

In 1964 an Alabama grand jury returned three indictments against McCray, two charging robbery and a third charging grand larceny in the theft of an automobile. At arraignment, counsel was appointed and McCray pled not guilty to each indictment. Subsequently, in the presence of the trial court, McCray changed his plea on both robbery counts to guilty. A sentencing jury affixed the punishment at life imprisonment on one robbery indictment, and a second sentencing jury affixed punishment of ten years imprisonment on the other robbery charge.[1] The third indictment for grand larceny was marked *nolle prosequi* by State officials.

McCray now alleges that one of his guilty pleas—the one which led to the life sentence—is constitutionally infirm since he was the hapless victim of an unkept plea bargain. Specifically, McCray claims that both of his guilty pleas were entered on advice of his attorney who informed him of an agreement with the state solicitor under which, in exchange for his agreement to enter these two pleas, the State would recommend to the separate sentencing juries ten-year sentences on each robbery count. He alleges that not only did the State fail to carry out its side of the bargain to recommend the minimum ten-year sentence to each jury, but also that the trial judge informed the sentencing jury which rendered the verdict of life imprisonment that he had entered a guilty plea to the other robbery charge, thereby prejudicing that jury against him.[2]

---

1. Ala. Code tit. 14, § 415, provides that "any person who is convicted of robbery shall be punished, at the discretion of the jury, by death, or by imprisonment in the penitentiary for not less than ten years." Under Alabama law, a jury must fix the sentence in any capital case, including those cases in which the defendant enters a guilty plea. Ala. Code tit. 30, § 70. This duty is mandatory and the trial judge cannot relieve the jury of its exclusive prerogative. *See, e. g.,* Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d 858 (1955).

2. McCray's present petition suggests that the proceedings in regard to indictment #1673, for which he received ten years, preceded the proceedings in regard to indictment #1672, in which punishment was affixed at life. This alleged chronology is contrary to the certified records of the circuit court for Montgomery, Alabama and contrary to McCray's own testimony at his 1965 coram nobis hearing discussed below.

McCray contends that these events made his guilty plea and resulting life sentence constitutionally infirm. *See* Santobello v. New York, 404 U.S. 257, 92 S. Ct. 495, 30 L.Ed.2d 427 (1971), and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

This is McCray's third petition for habeas relief in federal court. His first petition in 1966 was denied for failure to exhaust state remedies. In 1968 he filed a second habeas petition in the district court for the Southern District of Alabama alleging essentially the same facts as those presented in the present petition. That district court, having considered the full record developed in two coram nobis proceedings, in Alabama state courts,[3] found that McCray's guilty pleas were freely, voluntarily, and understandingly made. McCray v. Hale, [No. 4942–68–P] (S.D.Ala., June 14, 1968).[4]

The record from the 1965 coram nobis hearing contains not only the testimony of McCray but also that of his wife and of the attorney who represented him at the time of his conviction. At this hearing the state solicitor who had originally prosecuted McCray acknowledged that he had recommended to the trial judge and to the sentencing juries life imprisonment on one indictment and ten years on the other, and took the adamant stance that this was the true and only bargain offered to and accepted by McCray and his counsel. On cross-examination McCray denied that he had been informed that a life-and-ten, rather than a ten-and-ten recommendation by the State's attorney was part of the bargain for his guilty

plea, but he admitted that he and his counsel did not object during the proceedings before the sentencing juries in which the recommendations were made. McCray and his counsel further sat mute when the juries returned the respective sentences as recommended. Indeed, McCray's trial attorney testified that he had told McCray of the solicitor's promise to recommend life-and-ten and that his client had freely accepted the offer of life-and-ten in order to avoid the possibility of a death sentence.

In light of the records developed in the state coram nobis hearing, we find no factual basis for McCray's present allegations that his guilty pleas were made in exchange for an unkept bargain to recommend ten-and-ten. Thus, the appellant fails to bring his case within the ambit of *Santobello* or *Machibroda*.

The petitioner also contends that his pleas were involuntary since they were coerced by fear of the death penalty. The claim that he would not have pled guilty but for the threat of a death sentence does not require a finding that his guilty plea was involuntary, especially where the appellant was represented by experienced counsel upon whose advice he relied. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). We find *Alford* in no way affected by the subsequent decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), insofar as the present case is concerned.

McCray asserts numerous defects in the proceedings prior to his

---

3. McCray filed his first petition for writ of coram nobis in 1965. The circuit court for Montgomery County denied relief after a full evidentiary hearing concerning the voluntariness of his guilty pleas, the plea bargain, and the effectiveness of his trial counsel. In 1966, McCray filed a second coram nobis petition in the state circuit court, which was dismissed after another evidentiary hearing. The dismissal was affirmed, 282 Ala. 315, 211 So.2d 450 (1968).

4. The district court denied a certificate of probable cause, 28 U.S.C. § 2253, and this court likewise denied the petitioner's application for a certificate and leave to appeal in forma pauperis. McCray v. Hale, Misc. No. 1406 (5th Cir., July 23, 1969). This second appeal by McCray comes here on a certification of probable cause by the third district judge to consider his petitions.

guilty pleas.[5] Each of these claims is nonjurisdictional and was therefore waived by his voluntary guilty plea. Zales v. Henderson, 433 F.2d 20 (5th Cir. 1970); Busby v. Holman, 356 F.2d 75 (5th Cir. 1966).

The denial of the writ of habeas corpus is

Affirmed.

5. The habeas petition alleges the following constitutional infirmities: (1) that the members of the sentencing jury were selected in his absence; (2) that he was denied counsel at his preliminary hearing; (3) that he was not served with a copy of the indictment and the jury list; (4) that he was exposed to direct confrontation with the alleged victims of the robbery rather than in "a legal line-up;" (5) that there was prejudicial pre-trial publicity; (6) that police officers made false statements to prospective witnesses in order to prejudice them against the defendant; (7) that the alleged victims of the robberies attempted to "trick" him into a confession on the representation that charges would not be prosecuted; and (8) that police officers identified the defendant to the victims of the alleged robberies as "the man that robbed them".