325 So.2d 219

**James E. HANES, alias**

v.

**STATE.**

**3 Div. 388.**

Court of Criminal Appeals of Alabama.

Oct. 21, 1975.

Rehearing Denied Nov. 12, 1975.

John W. Davis, III, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Assault with Intent to Murder. Sentence: 15 years imprisonment.

On the night of July 7, 1973 the appellant, James Hanes was at Looney's Skating Rink in Montgomery. He had been watching fourteen year old Donna Lynn Cannon skating with some of her friends. He asked a boy to tell her he would give her $20 to go to his apartment with him. She told the boy to tell Hanes she would not go. A few minutes later she skated by Hanes and told him she was going to tell her father. Hanes immediately left, got a gun and went to Donna Cannon's neighborhood. He hid in some bushes until she returned to a neighbor's home with her friends. He then shot through the kitchen window, hitting her in the head. She survived the wound after having surgery and beinug confined for a lengthy period in the hospital.

In Hanes' statement to the investigating officers, he admitted the above facts. He stated that he had been watching Donna Cannon for several months and he described her as a "pretty young black haired girl." He apparently did not even know her name. He said he shot her as he was mad because he thought she had called the police. After several witnesses had testified for the state, Hanes withdrew his plea of not guilty and entered a plea of guilty.

The state agreed to nol pros four cases of burglary and grand larceny, and one case of an ex-felon in possession of a pistol. In turn the defendant agreed to a term of fifteen years to run consecutively with a nine year sentence he had previously received. The appellant was well represented by two court-appointed attorneys at the time.

The Assistant District Attorney conducted an extensive colloquy with the appellant in court in the presence of the trial judge, the court reporter, the attorneys and the jury, before the guilty plea was accepted. All the appellant's rights were fully explained pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). He stated that he understood each of the rights as they were explained to him.

When asked by the trial judge if he had anything to say before sentencing, the appellant said:

"Under the law of insanity, a person who knows right from wrong, but cannot adhere to the right; there is no doubt in my mind that I qualify under that law. Also, there is no doubt that I cannot get the evidence or the witnesses to prove this. And I understand that this is a plea is an agreement between myself and the State."

The state then called Dr. Verna Wool, a clinical psychologist, to testify as to the appellant's sanity. The appellant had previously been granted permission to subpoena Dr. Wool as a defense witness. The appellant stipulated that Dr. Wool would testify the same as in his previous trial, and also stated, ."I stipulate that her testimony will be that I am legally sane."

A proper predicate was laid for Dr. Wool's testimony. She testified that, based upon her observation and examination of Hanes and examination of his case history, in her opinion he was legally sane. She stated that the appellant knew the difference between right and wrong and had the ability to choose between right and wrong, and that he was competent to communicate with his counsel and witnesses.

The court then again asked the appellant if he had anything to say why the sentence should not be pronounced, and he answer-

ed, "No, sir." The sentence of fifteen years was then imposed.

## I

 A plea of guilty purges the record of error unless the appellant proves clearly that his plea of guilty was extorted by duress, fraud, intimidation or deception. *Dixon v. State*, 45 Ala.App. 45, 222 So.2d 375 (1969); *Childers v. State*, 43 Ala.App. 594, 197 So.2d 281, cert. den. 280 Ala. 711, 197 So.2d 283 (1967); *Argo v. State*, 43 Ala.App. 564, 195 So.2d 901, cert. den. 280 Ala. 707, 195 So.2d 819 (1967), cert. den. 389 U.S. 865, 88 S.Ct. 129, 19 L.Ed.2d 136.

## II

Appellant contends he was not mentally competent to enter a plea of guilty.

The appellant and his counsel were at liberty to subpoena expert witnesses to testify as to the appellant's sanity. Early in the trial, the court had granted appellant's motion to allow him to subpoena witnesses, documents, and records. When, upon sentencing, Hanes raised the question of sanity, the trial court heard expert testimony bearing on that question. The appellant cross-examined the witness, but offered no evidence and called no witnesses to testify on that issue.

The undisputed testimony of Dr. Wool was clear and unequivocal that the appellant was sane, that he knew the difference between right and wrong and could choose between them, and that he could communicate with counsel and witnesses. The trial judge then asked appellant again if there was any reason why sentence should not be pronounced, and the appellant stated that there was no reason. The court then pronounced sentence and we are unable to find any abuse of discretion therein on the part of the trial judge. *Pace v. State*, 284 Ala. 585, 226 So.2d 645 (1969); *Barnett v.*

*State*, 51 Ala.App. 470, 286 So.2d 876, cert. den. 291 Ala. 773, 286 So.2d 890 (1973).

Affirmed.

All the Judges concur.