This is an appeal from the denial of a petition for writ of error coram nobis. We affirm that denial because of the appellant's twenty-two year delay in seeking review of his convictions.
In 1965, the appellant was represented by appointed counsel. He pleaded guilty to three cases of second degree burglary and one case of assault. In each case, he was sentenced to consecutive imprisonment for a term of one year and one day. In 1985, the appellant was convicted of murder and sentenced to life without parole as a habitual offender.
In his coram nobis petition, the appellant alleges that his appointed counsel was ineffective because he never challenged the racial composition of the grand jury, failed to investigate the charges, failed to investigate and discover that the appellant was a fifteen-year-old juvenile, did not advise him of the constitutional rights he was waiving by pleading guilty, and did not advise him of his right of appeal. The appellant also contends that his guilty pleas were involuntary because there was no compliance with Boykin v. Alabama, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and because the record does not establish a factual basis for the pleas.
After questioning the appellant in open court, the circuit judge denied the petition "because (1) the claims are procedurally barred because they were not raised at the correct time or in the correct manner under state law, and/or, in the alternative, and as an additional ground, (2) petitioner is not entitled on the merits to the relief he seeks in this matter."
The statute of limitations for petitions for postconviction relief filed on or after April 1, 1987, is two years. Rule 20.2(c), Alabama Rules of Criminal Procedure Temp. For petitions filed prior to April 1, 1987, there is no specific time limit for filing, "however, a long delay from the date of judgment can be prejudicial to the petitioner's case." Comment,Postconviction Remedies In Alabama, 29 Ala.L.Rev. 617, 632 (1978). *Page 859 
While a mere delay will not bar relief by coram nobis, an unreasonable and unexplained delay may, in itself, afford sufficient ground for the dismissal of the petition with each case being decided upon its own circumstances and merits. Annot., 62 A.L.R.2d 432 (1958). Here, as in Butler v. State,279 Ala. 311, 313, 184 So.2d 823 (1966), there is "nothing . . . shown to excuse the failure on the part of appellant, for more than twenty years, to seek any relief he may have had. The writ of error coram nobis is not intended to relieve a party from his own negligence."
 "To excuse this would make shipwreck of orderly procedure in the courts. It is axiomatic that a right not seasonably demanded is not a right denied. To excuse the failure to act in this case would make the bare assertion of a breach of right the basis for reopening criminal trial, however long ago determined." Butler, 279 Ala. at 314, 184 So.2d at 824.
See also Hamilton v. State, 283 Ala. 660, 220 So.2d 267 (1969) (36-year delay).
The appellant's twenty-two year delay in seeking a review of his guilty plea convictions bars his right to seek relief.Boykin, upon which the appellant relies, was decided four years after he pleaded guilty. Boykin is not retroactive. SeeHalliday v. United States, 394 U.S. 831, 89 S.Ct. 1498,23 L.Ed.2d 16 (1969); Dominguez v. Henderson, 447 F.2d 207 (5th Cir. 1971). Likewise, other cases cited by the appellant were decided years after his convictions. Henderson v. Morgan,426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); Clark v. State,294 Ala. 485, 318 So.2d 805 (1974).
The State has been prejudiced by the appellant's delay. It strains credulity to believe that any counsel would have any specific recollection of his preparation and investigation, or lack thereof, in relatively minor cases to which his client pleaded guilty more than twenty years ago. Here, the record shows that the appellant himself was confused as to the number of convictions he actually had and to the court in which he was sentenced.
By applying constitutional principles decided in other cases long after he had pleaded guilty, the appellant seeks to overturn his prior felony convictions admittedly to avoid the consequences of Alabama's Habitual Felony Offender Act. To allow such is to invite chaos which "would make shipwreck of orderly procedure in the courts." Butler, 279 Ala. at 314,184 So.2d at 824. Consequently, the judgment of the circuit court denying the petition is affirmed.
AFFIRMED.
All Judges concur.