This is an appeal from the denial of a petition for writ of error coram nobis.
In December of 1979, McDaniel pleaded guilty to capital murder, was convicted, and, pursuant to his plea agreement, was sentenced to life without parole.
In August of 1983, McDaniel filed his first petition for writ of error coram nobis alleging, among other things, denial of his right to appeal and ineffective assistance of counsel in connection with his guilty plea. The State's motion to dismiss was granted and that petition was denied without an evidentiary hearing. There is no indication that this denial was appealed.
In April of 1985, McDaniel filed his second petition for writ of error coram nobis. Among other grounds, he again alleged denial of his right of appeal and ineffective assistance of counsel. This petition was also dismissed without an evidentiary hearing on motion of the State. The record contains no indication that this denial was appealed.
In March of 1987, McDaniel filed his third coram nobis petition, again raising, among other things, denial of his right of appeal and ineffective assistance of counsel. This petition was also denied without an evidentiary hearing on the State's motion *Page 896 
to dismiss. This appeal is from that denial.
"Repeated petitions for writs of error coram nobis containing the same allegations or grounds for relief should not be entertained." McCray v. State, 282 Ala. 315, 316, 211 So.2d 450
(1968). This general statement of the rule is qualified. A more proper statement of the rule is found in Waldon v. State,284 Ala. 608, 609, 227 So.2d 122 (1969): "Where the allegations in a petition for writ of error coram nobis have been fully adjudicated and the petitioner makes no showing for the renewed consideration of the same matters by the court, it is not error to grant the State's motion to dismiss the second petition."
 "It is a well-settled rule that matters adjudicated in a hearing on a petition for writ of error coram nobis are considered 'quasi res judicata'; in other words, repeated applications or petitions merely resting on the same allegations which have been previously adjudicated should not be entertained. See McCray v. State, 282 Ala. 315, 211 So.2d 450 (1968); Bies v. State, 418 So.2d 940 (Ala.Cr.App. 1982); Allen v. State, 42 Ala. App. 9, 150 So.2d 399, cert. denied, 275 Ala. 691, 152 So.2d 439, cert. denied, 374 U.S. 854, 83 S.Ct. 1922, 10 L.Ed.2d 1074 (1963). The doctrine of res judicata bars reconsideration of an issue if four elements are present: (1) a prior judgment rendered by a court of competent jurisdiction; (2) substantial identity of the parties; (3) identity of the issues; and (4) prior judgment rendered on the merits. See Ozley v. Guthrie, 372 So.2d 860
(Ala. 1979). Hence, the provision that the trial court need not entertain a second or successive petition presupposes adequate consideration of the merits of the first petition; if the judgment rendered is not on the merits, the defense of res judicata fails." Alexander v. State, 462 So.2d 955, 956-57 (Ala.Cr.App. 1984).
In Vintson v. State, 494 So.2d 869, 870 (Ala.Cr.App. 1986), this Court held that the denial of a second coram nobis petition was not error even though the record indicated that there was no evidentiary hearing on the first petition because the second petition did not allege that the allegations of the first petition were not fully adjudicated and contained no compelling reason why all the grounds relied upon were not included in the first petition. We decline to follow that holding in this case because here the record affirmatively shows that the allegations of all three petitions have never been fully adjudicated on their merits. Furthermore, considering the history of this matter, any decision which does not reach the merits of McDaniel's allegations would only further frustrate and deny any finality of the decision-making process that there might be in this case.
Despite the deficiencies in McDaniel's third petition, it clearly appears that at least one claim is meritorious and warrants an evidentiary hearing. Ex parte Clisby, 501 So.2d 483
(Ala. 1986); Ex parte Boatwright, 471 So.2d 1257 (Ala. 1985). That claim is that appointed counsel failed to perfect the appeal McDaniel specifically requested. Longmire v. State,443 So.2d 1265 (Ala. 1982); Dawson v. State, 480 So.2d 18
(Ala.Cr.App. 1985).
Consequently, this cause is remanded for an evidentiary hearing. A transcript shall be made of those proceedings and forwarded to this Court along with the judgment of the circuit court supported by that court's findings of fact and conclusions of law. In remanding, we call the parties' attention to the rule that "[t]he scope of the hearing on a coram nobis petition is not restricted to issues raised by the petition, but is open to all claims for which coram nobis relief might be appropriate." Comment: Post-conviction RemediesIn Alabama, 29 Ala. L.Rev. 617, 633 (1978), citing Ex parteAllison, 42 Ala. App. 507, 169 So.2d 436 (1964); and Ex parteAnderson, 42 Ala. App. 294, 161 So.2d 507 (1964). "When the trial court hears coram nobis, all questions available thereunder are open and will be presumed as having been at issue." Allison, 42 Ala. App. at 508, 169 So.2d 436.
REMANDED WITH DIRECTIONS.
All Judges concur. *Page 897 
 ON RETURN TO REMAND
On remand the circuit court denied the coram nobis petition after holding an evidentiary hearing and issuing written findings of fact. The court found that McDaniel, who had pleaded guilty to capital murder and had been sentenced to life imprisonment without parole, "expected an automatic appeal" but "had not requested or expected the court-appointed attorneys to file an appeal in his behalf." McDaniel did request a copy of the transcript. The court reviewed the court reporter's transcript of the guilty plea proceedings and found "no mention or advisement of automatic appeal."
That transcript is part of the record on appeal. It shows that McDaniel was advised of his right to appeal and of his right to appointed counsel and a free transcript if he were indigent. Although McDaniel acknowledged that he understood these rights, the record does not show that he ever expressed his desire to appeal. See Ex parte Dunn, 514 So.2d 1300 (Ala. 1987).
The record supports the findings of the circuit court. The judgment of that court denying the petition is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.