BOWEN, Judge.
This is an appeal from the denial of a petition for post-conviction relief. The circuit court denied the petition after an evi-dentiary hearing. In denying the petition, that court issued an extremely thorough and meticulous written order. The circuit judge is commended for his efforts, his diligence, and his compliance with Rule 20.-9(d), A.R.Cr.P.Temp.
While this Court fully agrees with the entire order of the circuit court, it is necessary only to set forth a portion of that order for the purpose of this appeal.
The order of the circuit court, in pertinent part, denying the petition is as follows:
“Petitioner Mitchell Lee Minor, also know as Omar Sharif Rahman, filed petitions for post-conviction relief attacking his convictions for forgery in the second degree, robbery, and false pretense. The State of Alabama filed motions to dismiss in each case. The Court reviewed the pleadings and the records of this court and heard testimony from both parties during an evidentiary hearing. The Court finds as follows:
“2278-B: Minor was convicted of forgery in the second degree on his plea of guilty on June 19, 1972, and was sentenced to a term of one year and one day. He was, represented by the Hon. Ralph C. Burroughs. On November 1, 1972, he was placed on probation for a period [of] four (4) years. That probation was revoked on March 22, 1973.
“3093-B: Minor was convicted of robbery on November 8, 1973, by jury verdict and sentenced to ten (10) years’ imprisonment. At a hearing on November 20, 1973, probation was denied. Minor was represented by the Hon. Ralph C. Burroughs.
“2482-B: Minor was convicted of false personation and false pretense on his plea of guilty on October 16, 1972, and was sentenced to a term of one year and one day. He was represented by the Hon. Ralph C. Burroughs. On November 1, 1972, he was placed on probation for a period of four (4) years. Probation was revoked on March 22, 1973.
“Court records also show that the petitioner has a conviction for disturbing the peace in Case No. 1166-B for which he was fined fifty ($50.00) dollars on June 21, 1971 and a conviction for robbery in the second degree in Case No. CC-82-351 for which he received a life sentence to be served concurrently with a Tallade-ga County robbery conviction in Case No. CC-82-175 for which he received life without parole.
“Petitioner challenges his convictions in Cases No. 2278-B, 3093-B, and 2482-B, and sets forth the following grounds as a basis for the relief sought:
“2278-B: Petitioner alleges that the Court failed to inform him of (1) the maximum and minimum sentences under the statute; (2) his right to trial by jury; (3) his privilege against self-incrimination; (4) his right to confront his accusers; and (5) his right to have a factual *52 basis established for his guilty plea. Petitioner further alleges that he was never told either by the Court or his attorney that he had the right to request that he be judged as a youthful offender and that his attorney rendered ineffective assistance in failing to so inform him.
“8093-B: Petitioner alleges that the Court and his attorney failed to advise him of his rights to request youthful offender treatment and to appeal his conviction, and that his attorney rendered ineffective assistance of counsel in failing to do so.
“2482-B: Petitioner alleges that the Court failed to inform him of (1) the maximum and minimum sentences under the statute; (2) the consequences of his guilty plea; (3) his right to trial by jury; (4) his privilege against self-incrimination; (5) his right to confront his accusers; and (6) his right to have a factual basis established for his guilty plea. Petitioner further alleges that he was never told by either the Court or his attorney that he had the right to request that he be judged as a youthful offender and that his attorney rendered ineffective assistance in failing to so inform him.
“At the evidentiary hearing, the petitioner made additional allegations that (1) he was never advised by his attorney that his convictions could be used against him for future enhancement of sentence under the Habitual Offender Act; (2) the State struck black jurors for no reason; (3) he had alibi witnesses and that the outcome of his robbery trial would have been different if those witnesses had testified; and a police officer who testified for the State presented perjured testimony.
“The Court finds that these claims are procedurally barred. Although there was no specific time limit for filing a post-conviction relief petition prior to April 1, 1987, ‘an unreasonable and unexplained delay may, in itself, afford sufficient ground for the dismissal of the petition ... ’ Young v. State, 516 So.2d 858, 859 (Ala.Crim.App.1987), cert. denied, Nos. 86-1464, 86-1422 (Ala.1987-88). The petitioner's delay of some seventeen years bars his right to seek relief. Moreover, as noted in Young, 516 So.2d at 859, the State has been prejudiced by the petitioner’s delay. To allow the petitioner to proceed in this belated attack on convictions used many years later to enhance later sentences for yet additional crimes would be to invite chaos which ‘would make shipwreck of orderly procedure in the courts.’ Young, 516 So.2d at 859, quoting Butler v. State, 279 Ala. 311, [314], 184 So.2d 823, [824] (1966).
[[Image here]]
“This claim [concerning whether or not the petitioner was ever advised of his right to seek youthful offender treatment] demonstrates the logic and reason behind the Young decision. The State has been prejudiced by the petitioner’s seventeen-year delay. Yet even on the sketchy record available to the Court, it appears that the petitioner did not receive youthful offender treatment in 1972 because he already had received the benefit of a reduction of the charge and a misdemeanor sentence in Case No. 1166-B the year before. Memories dim, yet easily overlooked, minor facts sometimes provide the answer as to why something was done in a certain way.
“Petitions denied on the ground that they are procedurally barred. Young v. State, 516 So.2d 858 (Ala.Crim.App.1987), cert. denied, Nos. 86-1464, 86-1422 (Ala.1987-88).”
Rule 20, A.R.Cr.P.Temp., governs petitions for post-conviction relief. That rule became effective on April 1, 1987. Rule 20.2(c) provides a two-year “statute of limitations” for the filing of a petition. Theoretically, the earliest date on which that limitations period could have expired was April 1, 1989. See Rule 20.2(c) (“Provided, however, that the two-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of this Temporary Rule 20 (April 1, 1987)”).
We hold that, aside from application of the limitations period of Rule 20.2(c), a Rule 20 petition for post-conviction relief filed on or before April 1,1989, may also be *53 barred by an unreasonable and unexplained delay in filing the petition.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.