172 So.2d 811

**Ex parte Jesse David JETT.**

**7 Div. 801.**

Court of Appeals of Alabama.

March 9, 1965.

Jesse David Jett, pro se.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

This is a petition for leave to seek a writ of error coram nobis in the Calhoun Circuit Court.

Originally, Jett was convicted of arson September 5, 1963, and on being sentenced gave notice of appeal and applied for a suspended sentence. Both requests were denied: probation by the trial judge on September 5, 1963, and the appeal by this court without opinion on January 21, 1964.

Jett's appeal came up on the record proper without a transcript of evidence. This record affirmatively discloses that on arraignment, September 3, 1963, Jett was attended by counsel. Hence, allegation three of his present petition is but a naked contradictory assertion that he was without counsel at "arraignment on or about August 19, 1963." Unaccompanied by any form of record evidence, an allegation of this sort has no weight whatever.

 The mere denial of a preliminary hearing, if true (ground 2), has no pertinency after a jury's verdict of guilt on an indictment. Green v. Bomar, 6 Cir., 329 F.2d 796. No claim is made that the State's failure to take him before a committing magistrate worked to his substantial disadvantage in defending against the charge. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, and McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, do not affect state court trials.

Allegation 4 complains of lack of effective representation by his trial counsel. The only statement is that counsel only afforded him "token representation and did not go through the formality of preparing appellant's defense." Loss of a lawsuit is no proof of a lawyer's lack of skill. Mitchell v. United States, 104 U.S. App.D.C. 57, 259 F.2d 787.

The fifth reason for coram nobis relates to his counsel's neither briefing nor arguing his appeal. No detail of a reversible error is shown.

These claims (4 and 5) do not rest on any subsidiary allegation that Jett was a pauper either at the time of his trial or at the occasion of taking his appeal. Moreover, even should we consider the possibility of amendment to allege indigency, Jett made no effort to obtain the benefits of Act No. 62, approved September 15, 1961, nor of Acts 525 and 526, approved September 16, 1963.

Sixth, it is contended that the indictment is illegal and void because of not setting the locus in quo or the date of the offense.

The indictment is in form set out by No. 9, § 259, T. 15, Code 1940, for arson in the first degree. T. 14, § 23. Our short form indictment omits venue and occasion. These are relegated to proof, not pleading.

No reason is given why Jett was prevented from presenting a valid defense on his original trial. Hence, his claim of innocence without any detail is to be viewed as insufficient to overcome the original verdict and judgment. Allen v. State, 42 Ala.App. 9, 150 So.2d 399.

The petition for leave is

Denied.