185 So.2d 417

**Ex parte Robert Lee DAVIS.**

**1 Div. 105.**

Court of Appeals of Alabama.

Oct. 5, 1965.

Opinion Extended March 8, 1966.

Robert Lee Davis, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

This is a prisoner's proceeding with a rather inarticulate prayer for relief. In effect Davis seeks permission to hold our former judgment on appeal for naught. See Davis, 42 Ala.App. 374, 165 So.2d 918.

Davis, appearing pro se, has filed here a paper assuming that he needs to have us "withdraw said writ of appeal * * * so that he will [be] granted a hearing on his writ of error coram nobis now in the Mobile County [Circuit] Court."

■ Such a request for *withdrawal* is unnecessary. Indeed, at the end of our regular October 1963–1964 Term, June 30, 1964, our judgment on the appeal became final and beyond recall.

#### I.

■ Because the judgment of our court and of the trial court merge when an appeal is considered on the merits—as distinguished from a dismissal—a petitioner for coram nobis who has had an appeal affirmed needs to obtain permission from the appellate court. The trial court is not otherwise at liberty to take up consideration of a petition for writ of error coram nobis.

This anachronistic clog has seemingly prompted the Attorney General to throw a further obstacle in Davis's search for post conviction review, for he now moves us to strike the paper of instant concern for a number of grounds. All these grounds are technically well taken.

#### II.

■ However, avoidance of a multiplicity of actions, in our experience with post conviction reviews, is an overriding consideration. The present paper at least suffices [1] to apprise this court of Davis's

intention to proceed further and serves the common law office of a praecipe, albeit inchoate in form. See Birdsell, 272 Ala. 700, 133 So.2d 696; Ex parte Bice, 42 Ala.App. 547, 171 So.2d 261; also Pate v. Holman, 5 Cir., 341 F.2d 764.

Accordingly, we grant Davis a further twenty days to present us with an application (which can be a reiteration of his petition), should he wish to refile it in the Mobile Circuit Court. He should take care to add to his petition all other proper claims of questions of fact of which he was unaware (or through no fault on his part which he could not have discovered) and which, if they had been timely presented, would have (not possibly and not probably, but to a moral certainty) prevented the former judgment of conviction.

The motion to strike will be denied without prejudice to the Attorney General's renewing it should no further application be filed in said twenty days, i. e., until the close of business in the clerk's office at 4:00, P.M., C.S.T. (Code 1940, T. 13, § 108), October 26, 1965, unless further extended for good cause shown to this court.

*Motion to strike denied.*

#### Supplemental Opinion

#### III.

#### After Petition Filed

Davis claims that his constitutional rights were violated,[2] but does not state any facts which were not known to him at the time of the trial or which could not have

---

1. Coram nobis once denied does not prevent another petition: only the rehash of old claims is ignored. Also, Case v. State of Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422, seems to have borne out the prophecy of the Assistant Attorney General. See Tyson, Whither: On Habeas, 24 Ala.Lawyer 271, at 274: " * * * states must provide a means whereby judgments of conviction may be attacked in subsequent proceedings * * *" Cf. dictum of Rives, J., in Wiman v. Argo, 5 Cir., 308 F.2d at 674.

2. He would have us apply the tardy commitment rule of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, to a state court arrest. He also wants us to give Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, its broadest aspect of voiding confession made without benefit of counsel. Both these contentions are not presently the law of Alabama. Woodard v. State, 42 Ala.App. 552, 171 So.2d 462; Duncan v. State, 278 Ala. 145, 176 So.2d 840.

been known if reasonable diligence had been exercised.

A writ of error coram nobis issues for correction of a judgment of a court of law entered in ignorance of matters of fact which, if they had been known to the court rendering the judgment, would have kept[3] the judgment from being entered. E. g., Ex parte Rudolph, 276 Ala. 392, 162 So.2d 486.

A mere naked claim of innocence, which is the only thing contained in Davis's petition upon which relief could be predicated, is not sufficient. Ex parte Jett, 42 Ala.App. 602, 172 So.2d 811.

As to the *Escobedo* issue—Davis's claim that his confession was void because the police failed to tell him of the right to ask for and have counsel—our decision is without prejudice. We say this because of the pendency of: Miranda v. Arizona, 383 U.S. 903, 86 S.Ct. 885 (to review 98 Ariz. 18, 401 P.2d 721); Vignera v. New York, 383 U.S. 903, 86 S.Ct. 885 (to review 15 N.Y.2d 970, 259 N.Y.S.2d 857, 207 N.E.2d 527); Westover v. United States, 383 U.S. 903, 86 S.Ct. 885 (to review 342 F.2d 684); Johnson v. New Jersey, 383 U.S. 903, 86 S.Ct. 886, 15 L.Ed.2d 661 (to review 43 N.J. 572, 206 A.2d 737); and California v. Stewart, 383 U.S. 903, 86 S.Ct. 882, 15 L.Ed.2d 661 (to review 62 Cal.2d 571, 43 Cal.Rptr. 201, 400 P.2d 97).

Further, we note that Rule 50[4] of our Supreme Court would pertain to any further coram nobis proceedings.

The instant petition is

Denied.

3. "Prevented" is the more artificial word.

4. December 6, 1965, 278 Ala. XX, 180 So. 2d xxiii: "RULE 50—PETITIONS FOR WRITS OF ERROR CORAM NOBIS TO BE FILED IN TRIAL COURT

"Petitions for writs of error coram nobis shall be filed in the trial court without first applying for and receiving permission of the Supreme Court; and the sentencing court shall not be required to entertain a second or successive petition for similar

relief on behalf of the same prisoner. A successive petition on different grounds will not be entertained unless good cause is shown why the new ground or grounds were not known or could not have been reasonably ascertained when the first petition was heard.

"IT IS FURTHER CONSIDERED AND ORDERED that said rule, together with a copy of this order, be entered upon the Minutes of this Court."