229 So.2d 39

**Mitchell Leroy HAILEY**

v.

**STATE.**

**4 Div. 32.**

Court of Criminal Appeals of Alabama.

Dec. 9, 1969.

No attorney for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

Hailey, a convict in the penitentiary, is appellant from denial of a writ of error coram nobis.

He has now moved us to dismiss his appeal "without prejudice."

Supreme Court Rule 50 provides as follows:

"Petitions for writs of error coram nobis shall be filed in the trial court without first applying for and receiving permission of the Supreme Court; and the sentencing court shall not be required to entertain a second or successive petition for similar relief on behalf of the same prisoner. A successive petition on different grounds will not be entertained unless good cause is shown why the new ground or grounds were not known or could not have been reasonably ascertained when the first petition was heard."

I

If the qualification "without prejudice" means that Hailey can at a later time come back and renew (or reinstate) his present appeal, then, as of now, we reject the motion so conditioned.

■ A coram nobis judgment is quasi res judicata. Allen v. State, 42 Ala.App. 9, 150 So.2d 399. We consider that Rule 50 expressly adopts this principle.

To accede to the instant request would put us in the position of letting an appellant choose whether or not the judgment below is final, at least until some unspecified time prescribed his renewal of the appeal.

II

■ Should "without prejudice" apply to the effectiveness of the trial court's judgment, we hold that granting the motion in this sense would permit a complete evasion of the purpose of Rule 50, supra.

III

We have reviewed the entire record in the trial court and consider that the judgment below is due to be affirmed.

■ The only substantial question was whether Hailey's pleas of guilt to four indictments for four cases of second degree burglary were truly voluntary. The burden was on him to upset the judgments.

Hailey sought to connect his pleading guilty to chivalry in trying to shield the woman living with him from accusation. See Lynumn v. Illinois, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 and Couch v. State, 43 Ala.App. 707, 198 So.2d 308. His proof was vague as to what charge was made against her. On the coram nobis hearing there was evidence that she was then in a Michigan prison.

Here, the court reporter testified as to the colloquy on Hailey's original conviction. It was much like that found in Ware v. State, 44 Ala.App. 679, 219 So.2d 910. The trials antedated Boykin v. Ala., 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

We quote from Thornburg v. United States, 5 Cir., 406 F.2d 1060:

"In this appeal from the judgment of the district court denying appellant's motion to vacate sentence as per Title 28 U.S.C. § 2255, by letter to the Clerk he has requested that the appeal be dismissed without prejudice. This we decline to do as the case obviously has no merit and should be disposed of without further briefs or argument."

The judgment of the circuit court is hereby

Affirmed.