This is an appeal from the denial of a petition for writ of error coram nobis.
Bies was convicted of robbery in 1977 and sentenced to fifteen years' imprisonment. This conviction was affirmed by this Court in December of 1977.
In July of 1978, Bies filed a petition for writ of error coram nobis alleging that he was not "physically or mentally able to stand trial" and that he "received inadequate representation by counsel because of counsel's failure to insist upon a continuance." At the evidentiary hearing, Bies testified that the girl who testified against him at his trial was not the one who waited on him when he allegedly robbed the restaurant. After hearing all the evidence the circuit court denied the petition finding that Bies "failed to prove the allegations" of his petition; "was competent to stand trial when his case was tried"; and was provided with "excellent representation" by defense counsel.
After searching the record and the proceedings of the circuit court, this Court affirmed the denial of the petition, without published opinion, in February of 1979.
In July of 1980, Bies filed a petition for writ of habeas corpus alleging that his appointed counsel did not notify him of the February 1979 decision of this Court affirming the circuit court's denial of his petition for writ of error coram nobis. He also alleged that he was denied assistance of counsel because "at the time of sentence" he was "mentally and physically disturbed" and his lawyer failed to have the case continued, that, apparently, he was tried and convicted by a professional jury and that a witness lied at his trial.
The district attorney filed a motion to dismiss the petition which was heard in February of 1981. The circuit court treated Bies' petition for writ of habeas corpus as a petition for writ of coram nobis. Horsley v. State, 42 Ala. App. 567, 172 So.2d 56
(1965).
After a hearing on the motion to dismiss at which Bies, who was not present, was represented by counsel, the circuit court denied the petition.
 "The Court further finds that the sentencing court shall not be required to entertain a second or successive petition for similar relief on different grounds unless cogent and compelling reasons are shown why the new grounds were not included in the first petition. Waldon v. State, 284 Ala. 608, 227 So.2d 122 (1969). The Court finds that no such cogent and compelling reasons were shown by Petitioner."
 I
The circuit court properly dismissed Bies' petition for writ of coram nobis. Two of the four grounds alleged therein were substantially the same as those presented in his first coram nobis petition.
Issues adjudicated in a hearing on petition for writ of error coram nobis are considered "quasi res judicata". Hailey v.State, 45 Ala. App. 264, 229 So.2d 39 (1969); Ex parte Baxter,42 Ala. App. 544, 171 So.2d 107, cert. denied, 277 Ala. 695,171 So.2d 108 (1964). Coram nobis once denied does not prevent another petition but only the "rehash" of old claims. Ex parteDavis, 43 Ala. App. 188, 189, 185 So.2d 417 (1965). Repeated applications or petitions resting on allegations which have been previously adjudicated should not be entertained. Hairstonv. Alabama, 465 F.2d 675, 680 (5th Cir. 1972); Waldon v. State,284 Ala. 608, 227 So.2d 122 (1969); McCray v. State, 282 Ala. 315, 211 So.2d 450 (1968). A petition for writ of error coram nobis is properly denied where the matters attempted to be raised *Page 942 
were fully reviewed on appeal from the judgment of conviction.Summers v. State, 366 So.2d 336, 340 (Ala.Cr.App. 1978), cert. denied, Ex parte Summers, 366 So.2d 346 (Ala. 1979).
Where a petitioner alleges that he was convicted because of the false testimony of a State's witness, but fails to alleged that the State knowingly used the false testimony, the writ of error coram nobis would not lie. Caldwell v. State, 36 Ala. App. 612, 63 So.2d 384 (1953).
 II
Bies' allegation of a "professional jury" is unintelligible. Allegations of a petition for writ of error coram nobis which are confusing, completely unintelligible and mere naked conclusions of the petitioner are insufficient. Ex parte Ellis,41 Ala. App. 253, 128 So.2d 108 (1961). A petition for writ of error coram nobis must describe the specific facts on which the petitioner bases the claim that his rights were invaded. Thomasv. State, 274 Ala. 531, 532, 150 So.2d 387 (1963). The petition should make a full disclosure of the facts relied on, not mere conclusions as to the nature and effect of facts. Corley v.State, 397 So.2d 223 (Ala.Cr.App.), cert. denied, Ex parteCorley, 397 So.2d 225 (Ala. 1981).
Even assuming that the ground "professional jury" was meritorious, "a mere naked allegation that a constitutional right has been invaded will not suffice to authorize the granting of relief requested in the petition." Johnson v.Williams, 244 Ala. 391, 394, 13 So.2d 683 (1943).
 III
The fourth and final allegation of Bies' petition is that he had inadequate assistance of counsel at his first coram nobis proceeding because his appointed counsel failed to notify him that this Court had affirmed the circuit court's denial of his first petition. Bies contends that this prevented any further appeal of the decision of this Court.
This issue is controlled by Wainwright v. Torna, ___ U.S. ___, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982).
 "In Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), this Court held that a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in this Court. Respondent does not contest the finding of the District Court that he had no absolute right to appeal his convictions to the Florida Supreme Court. Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely. The District Court was correct in dismissing the petition." 102 S.Ct. at 1301.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.