**Paula PRINGLE, Appellant,**

v.

**COURT OF COMMON PLEAS, Cumber-
land County, Edgar B. Bayley, District
Attorney for Cumberland County, and
Leroy Zimmerman, Attorney General
of the Commonwealth of Pennsylvania.**

No. 83–3521.

United States Court of Appeals,
Third Circuit.

Argued May 24, 1984.

Decided July 5, 1984.

Thomas M. Place, Carlisle, Pa., for appellant.

Theodore B. Smith, III, Asst. Dist. Atty., of Cumberland County, Carlisle, Pa., for appellees.

Before GARTH and SLOVITER, Circuit Judges, and FISHER, District Judge *

## OPINION OF THE COURT

FISHER, District Judge.

This is an appeal by petitioner, Paula Pringle, from the district court's order dismissing her petition for *habeas corpus* relief, filed pursuant to 28 U.S.C. § 2254 (1982). The petition challenges the constitutionality of the Pennsylvania Disorderly Conduct Statute, 18 Pa.Cons.Stat. § 5503(a)(3) (1973). Pringle was convicted in state court on April 1, 1980, for using "obscene" language in violation of this statute. The district court, in adopting the report and recommendation of a United States magistrate, based its dismissal on two alternate theories: (1) that Pringle deliberately by-passed state-court review of her claims, and thus failed to exhaust her state-court remedies, or (2) that the possible imposition of a non-custodial sentence

would deprive the federal court of jurisdiction to review her *habeas corpus* petition. Since it should have entertained the petition and reviewed its merits, however, we will reverse the judgment of the district court and remand the case for consideration of Pringle's constitutional claims.

I

We begin with a summary of the facts. The state court conviction was the result of an incident which occurred on September 28, 1979, in which Pringle, while witnessing the arrest of a friend in downtown Shippensburg, Pennsylvania, referred to the arresting officers in insulting and profane terms. She was seventeen years old at the time.

On April 1, 1980, Pringle was convicted in the Cumberland County Court of Common Pleas for using obscene language in violation of 18 Pa.Cons.Stat. § 5503(a)(3),[1] the Pennsylvania Disorderly Conduct Statute. Pringle pleaded not guilty to the charge, received a bench trial, and was convicted and sentenced to serve ten to thirty days in jail. The trial court rejected her contention that the statute was unconstitutionally vague and overbroad in violation of rights guaranteed by the First and Fourteenth Amendments of the United States Constitution.

On appeal to the Superior Court of Pennsylvania, both Pringle's judgment of conviction and the finding that the statute was constitutional were affirmed, but the sentence itself was vacated, due to the trial court's failure to place on the record its reasons for dispensing with the presentence report, as required under Pennsylvania Rule of Criminal Procedure 1403. Pringle petitioned the Supreme Court of Pennsylvania to allow an appeal of her constitu-

---

* Hon. Clarkson S. Fisher, Chief Judge of the United States District Court for the District of New Jersey, sitting by designation.

1. Section 5503 provides in relevant part that "(a) [a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm or recklessly creating a risk thereof, he ... (3) uses obscene language, or

makes an obscene gesture; (b) An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense."

tional claims on September 30, 1982. That court refused to hear the appeal on January 18, 1983, and on February 8, 1983, she was re-sentenced by the trial court to a term of ten to thirty days in jail. Pringle then filed a notice of appeal of this sentence with the Pennsylvania Superior Court, again raising the issue of the trial court's failure to comply with the state sentencing code.

Pringle filed a petition in the district court for a writ of *habeas corpus* on March 21, 1983, the basis of which is her claim that the term "obscene" as used in the disorderly conduct statute is unconstitutionally vague and overbroad. The petition was initially reviewed by a United States magistrate, who issued a report on March 28, 1983, recommending that it be denied without prejudice to Pringle's right to re-file in the event she is re-incarcerated or her state-court appeal is terminated.

In his report, the magistrate looked to the possibility that Pringle could receive a non-custodial sentence if her appeal were successful. Should this happen, the magistrate reasoned, then Pringle would not be "in custody" for the purpose of *habeas corpus* review.

On April 8, 1983, Pringle filed an objection to the magistrate's report, notifying the district court that she had withdrawn her appeal in the Pennsylvania Superior Court. We are informed that she withdrew her appeal because the state trial court had informed her that it would reduce her sentence to a maximum jail term of three days if she would discontinue her appeal of the original sentence, a rather bizarre option.

The district court dismissed her petition on June 30, 1983, concluding that Pringle's withdrawal of the appeal of her sentence to the superior court constituted a deliberate by-pass of state-court review, which, under *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), would preclude her from challenging the constitutionality of the Pennsylvania statute in a *habeas corpus* action. Pringle appealed.

II

We address first the district court's conclusion that Pringle failed to exhaust state appellate remedies as required by *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), in light of what the district court characterized as a "deliberate by-pass" of the appeals process regarding the judgment of sentence.

The exhaustion requirement of 28 U.S.C. § 2254 provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." The sole question presented by Pringle in her *habeas corpus* petition is the alleged unconstitutionality of the Pennsylvania disorderly conduct statute and the validity of her conviction under that law. It is clear that this federal claim has been considered and rejected by the Pennsylvania state courts, both through the superior court's consideration of Pringle's first amendment claims and its denial of them on the merits, and through the Pennsylvania Supreme Court's denial of Pringle's petition to appeal. *See United States ex rel. Geisler v. Walters*, 510 F.2d 887, 892 n. 11 (3d Cir.1975).

■ Appellee argues that because Pringle has not fully exhausted the appeal of her sentence in the state courts, she fails to meet the exhaustion requirement of 28 U.S.C. § 2254, and thus defeats federal court jurisdiction under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). That case held that a district court must dismiss "mixed" *habeas corpus* petitions, which the Court defined as those petitions containing both exhausted and unexhausted claims. *Id.* at 510, 102 S.Ct. at 1199. Thus, a petitioner must either exhaust all claims in state court prior to presenting them to a federal court for *habeas corpus* review or amend the petition so as to present only those claims which have been exhausted. *Id.*

■ Since Pringle's petition presents only her federal claims which have been exhausted in the state courts, she has com-

plied with the requirements for federal-court review. Her challenge of the sentence to the superior court is an independent state claim based on an alleged defect in a state-court sentencing procedure. This state claim is wholly distinct from Pringle's challenge to the validity of her conviction and has never been raised in the *habeas corpus* petition. Her failure to exhaust state review of the sentence imposed, therefore, should not affect the constitutional charge set forth in her petition. Under *Fay v. Noia*, it is only federal claims which must be thoroughly exhausted in the state courts before a *habeas corpus* petition may be entertained by a federal court. 372 U.S. at 439, 83 S.Ct. at 849. *See also Rose v. Lundy*, 455 U.S. at 518–19, 102 S.Ct. at 1203–04; *Slotnick v. O'Lone*, 683 F.2d 60 (3d Cir.1982), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1206, 75 L.Ed.2d 447 (1983); *Bufalino v. Reno*, 613 F.2d 568, 571 (5th Cir.1980).

The magistrate's report, on which the district court relies, itself concedes that "Pringle has brought the issue of the constitutionality of section 5503(a)(3) to Pennsylvania's highest state court. This claim has been exhausted, and the exhaustion requirement of section 2254, as enforced by *Rose v. Lundy* ... has been satisfied." (App. at 15A). Thus, the district court erred in concluding that Pringle may not proceed with her petition for *habeas corpus* relief until she has fully exhausted state court review of her sentencing challenge.

■ The district court also erred in its determination that Pringle's withdrawal of her sentence appeal constituted a deliberate by-pass of state appellate procedure for the purpose of pursuing her petition in the federal court. To support this conclusion, the district court relied on *Fay v. Noia*, supra which recognized a federal judge's discretion to deny *habeas corpus* relief to a petitioner who has deliberately evaded state-court review and instead seeks immediate relief in the federal courts. In *Fay v. Noia*, however, the Supreme Court only addressed the situation where a petitioner

fails to present his federal claims in the state courts. *Fay*, therefore, is not controlling when the unexhausted claim in question is one of state law. As discussed above, Pringle properly took her federal claim challenging her conviction through the necessary Pennsylvania state court appellate review. She did not, therefore, "deliberately bypass" the state system with respect to her federal claims, and thus, has fully satisfied the exhaustion requirement of 28 U.S.C. § 2254.

### III

■ We turn now to the district court's adoption of the magistrate's conclusion that the federal court "will be without jurisdiction to review her *habeas corpus* petition if Paula Pringle's pending state-court appeal succeeds and she is given a non-custodial sentence." (App. at 16A). The dismissal of Pringle's *habeas corpus* petition based on such speculation is in error.

It is fundamental that an individual must be "in custody" in order to be eligible for *habeas corpus* relief. *See Carafas v. La Vallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). Custody, however, has been liberally defined to include persons on parole, *Jones v. Cunningham*, 313 F.2d 347 (4th Cir.), *cert. denied*, 375 U.S. 832, 84 S.Ct. 42, 11 L.Ed.2d 63 (1963), those released on their own recognizance pending appeal, *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), and those who have been released from confinement pursuant to 18 U.S.C. § 4164. *Martin v. Luther*, 689 F.2d 109 (7th Cir.1982).

The determination of whether a petitioner is in custody is made at the time the writ for *habeas corpus* is filed. *Carafas v. La Vallee*, 391 U.S. at 236, 88 S.Ct. at 1558; *United States ex rel. Wojtycha v. Hopkins*, 517 F.2d 420 (3d Cir.1975). There is no doubt that on March 21, 1983, the date on which Pringle filed her petition, she was in custody within the meaning of the statute. By this date, Pringle had been convicted and a judgment of sentence of ten to

thirty days had already been imposed on her. Unlike the petitioner in *United States ex rel. Dessus v. Commonwealth of Pennsylvania*, 452 F.2d 557 (3d Cir.1971) *cert. denied*, 409 U.S. 853, 93 S.Ct. 184, 34 L.Ed.2d 96 (1972), on which the magistrate relied, Pringle's sentence was not suspended (in fact, as late as April 1983, the Court of Common Pleas indicated its intent to impose at least a three days jail sentence on Pringle), so that for her, the threat of impending incarceration was clearly present.

Once established, *habeas corpus* jurisdiction cannot be defeated by the commutation or vacation of the petitioner's sentence unless the prior conviction carries with it no substantial collateral legal consequences. *See Carafas v. La Vallee*, 391 U.S. at 238–39, 88 S.Ct. at 1559–60. The magistrate and the district court, however, reasoned that the possibility existed in Pringle's case that if she had not withdrawn her appeal of her sentence, but had been successful in it, a non-custodial sentence could have been imposed. Thus, following this rationale, a federal court could not entertain the petition. While it has been held that the imposition of a non-custodial sentence will defeat federal jurisdiction, *see Wright v. Bailey*, 544 F.2d 737 (4th Cir.1976), *cert. denied*, 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 82 (1977), the circumstances requiring this result are not present here. In *Wright v. Bailey*, the sole penalty provided in the statute under which the petitioner was convicted was a cash fine. No provision for incarceration, even for non-payment of the fine, was contemplated. Accordingly, the court found that the petitioner in question was not "in custody" for the purpose of *habeas corpus* review.

In contrast, the Pennsylvania Disorderly Conduct Statute challenged by Pringle clearly provides for the penalty of imprisonment for up to a year, 18 Pa.Cons.Stat. § 5503(b); 18 Pa.Cons.Stat. § 106 (1973), and thus Pringle remains under a judgment of imprisonment. The trial court's conclusion that a non-custodial sentence might be imposed is mere speculation and is not supported by the fact that both the original and the subsequent sentences received by petitioner involved jail terms of anywhere from three to thirty days. In any event, the possibility of a future non-custodial sentence is irrelevant in view of the fact that Pringle was indeed in custody at the time her *habeas corpus* petition was filed. This was the critical point in time for the purpose of establishing federal jurisdiction.

## IV

In conclusion, we find that because Pringle has met the custodial requirement of section 2254 and has adequately exhausted her state remedies with respect to the claims presented in her *habeas corpus* petition, the district court was in error in dismissing Pringle's petition. The district court's judgment of dismissal will be therefore reversed, and the cause remanded for consideration of the merits of the constitutional claims.