TAYLOR, Judge.
Kenneth Ray Donald was under indictment for more than one offense in the Circuit Court of Mobile County. In the offense pursuant to which he now files this coram nobis petition, he was charged with robbery. The alleged facts were that he entered a beauty supply store on Wilson Avenue in Prichard, Alabama, where he had once dated one of the employees. He forced the clerk on duty to lie down on the floor behind the cash register, pointing a knife in her face. He then took $292 from the cash register, and after he left the employee promptly called the police.
Appellant had a past history of mental problems, including a stay at Searcy Hospital. On this coram nobis proceeding, he contends that he was so heavily drugged at his original trial that he did not know what he was doing. He claims that his attorney failed to render effective assistance because she did not ask for a continuance and because she did not get him a psychiatric examination. He also contended that his *143 attorney at the coram nobis hearing was incompetent because he did not call to the witness stand other attorneys to testify as to what standard of conduct should be applied.
I
At the full hearing given this coram nobis petition, Dr. William H. Rudder, a Mobile physician, testified that he had examined the appellant on the day of his trial and that he appeared, if anything, to be under-medicated at that time. In fact, Dr. Rudder said he imagined the appellant was “not getting nearly enough medication.” He also testified that appellant appeared to be organized, which he felt would hurt appellant’s insanity claim with the jury. In view of this contradiction by an examining physician of the appellant’s contention that he was heavily drugged, we find that the court did not err in denying his petition upon this ground. The claim of ineffective assistance by not seeking a continuance on the basis of the appellant’s being heavily drugged is likewise without merit.
II
Appellant contends that his counsel was ineffective because she did not get him another mental examination. She testified that in another pending criminal case before the same judge, the judge had just denied a motion of this appellant for a mental examination, and that she was aware of this. She testified it was therefore a futile and useless act to ask for such an examination in this case. We have to agree, and we reiterate that counsel are not expected to do useless things in order to adequately represent their clients.
Ill
Appellant contends that at his coram no-bis hearing, counsel should have called other criminal defense lawyers to testify to a standard of conduct. We find this contention incorrect.
The state asserts that petitioners are not entitled to effective assistance of counsel at error coram nobis proceedings, citing Bies v. State, 418 So.2d 940 (Ala.Crim.App.1982), and United States ex rel. Sabella v. Follette, 316 F.Supp. 452 (S.D.N.Y.1970). We held in Bies, supra, and now reiterate that a petitioner has no constitutional right to counsel in a coram nobis proceeding. Since this is true, then this petitioner could not be deprived of effective assistance of counsel by anything his counsel, retained or appointed, might have done at this hearing. See Wainwright v. Torna, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982); Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).
We conclude that under either the traditional state standard of effective assistance or the federal standard as now set forth in the case of Strickland v. Washington, — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the appellant was afforded effective assistance of counsel. See Ex parte Baldwin, 456 So.2d 129 (Ala.1984).
AFFIRMED.
All the Judges concur.