LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a dismissal of this appellant’s pro se petition for writ of error coram nobis.
Although we have considerable doubt that the coram nobis petition sets forth with sufficient perspicuity facts that would entitle the petitioner to an evidentiary hearing, no such position has been taken by the State in the trial court or on appeal. Therefore, we proceed to determine the positions taken by the parties in their briefs on appeal. We learn from appellee’s brief that the appellant’s “Statement of the Case is substantially correct and is hereby adopted by appellee” and that appellee “adopts the Statement of the Facts of the” appellant. Appellant’s “STATEMENT OF THE CASE” is as follows:
“This case is presented on appeal from an order entered by the Circuit Court of Etowah County on February 24, 1984, which summarily dismissed the Petition for Writ of Error Coram Nobis which was filed by the Appellant on February 13, 1984. This order was entered following the filing of an unverified Motion to Dismiss by the District Attorney on February 22, 1984, just two days prior to entry of the Order of Dismissal. The Appellant filed his notice of appeal on *164 March 9, 1984, and the undersigned was appointed to represent him for this Appeal on that same day.”
We quote from appellant’s “STATEMENT OF FACTS” the following:
“The petition which the Appellant filed in the Court below on February 13, 1984, was sworn to and verified by Notary Public. The allegations of the petition include the following pertinent aver-ments of fact:
“(1.) The Appellant was sentenced to serve concurrent sentences of three years in cases in which he was convicted of burglary and grand larceny on or about June 19, 1974.
“(2.) That the petitioner was sentenced without counsel in violation of the Fourteenth Amendment to the United States Constitution.
“(3.) That he has a valid defense of the charges against him;
“(4.) That he is a pauper and wished to proceed in forma pauperis.

“A Motion to Dismiss the Appellant’s petition was filed by the District Attorney on February 24, 1984. This motion set forth two grounds for dismissal as mere allegations which were totally unsupported by any verification of the motion or by evidence presented elsewhere in the record. The first ground alleged:
“1. For that it does affirmatively appear of record that a prior petition for Writ of Error Coram Nobis filed by the same petitioner in this cause has heretofore been dismissed on the 11th day of August, 1982, by the Honorable William Cardwell.
“Judge Cardwell is the same Circuit Judge who dismissed the Appellant’s Petition in this cause. The second ground for dismissal alleged:
“2. For that no good cause is shown as to why no new ground or grounds were not known or could have been reasonably ascertained when the first petition was heard.
“The motion to Dismiss certified that a copy of the same was mailed to the Appellant on February 22, 1984, addressed to him at ‘Route 2, Box 37, Holman Station, Alabama.’
“Just two days subsequent to the filing of the District Attorney’s motion (and in all likelihood prior to receipt of the Motion by the Appellant) the trial court entered the following order without a hearing.
“Comes now the State of Alabama on Motion to Dismiss the Petition for Writ of Error Coram Nobis and the Motion is hereby granted. It is, therefore, ORDERED that the Petition be dismissed.
“The Court having previously considered a Petition for Writ of Error Coram Nobis and the same was overruled.”
Appellant’s attorney relies upon the following authorities in support of his position that the judgment of the trial court should be reversed:
“Ellison v. State, Ala.Cr.App., 406 So.2d 439, (1981); Kennedy v. State, Ala.Cr.App., 409 So.2d 1010 (1982); Allen v. State, Ala.Cr.App., 412 So.2d 1284 (1982) and Chapman v. State, Ala.Cr.App., 416 So.2d 759 (1982).”
We should and would follow and apply what was held in each of said cases wherever applicable, but the principle applied in the cited cases does not afford a solution to this case. In each of the cited cases the trial court was reversed for its erroneous dismissal of the petition without a hearing thereon on the apparent notion by the trial court that the petition did not contain allegations of sufficient facts to entitle the petitioner to an evidentiary hearing. Such is to be distinguished from the action of the trial court in this case that was based upon the motion of the State to dismiss the petition on the ground that the trial court had previously denied a coram nobis petition by the same petitioner.
In the brief of counsel for appel-lee, two main contentions are presented. In one it is argued that the petition is *165 insufficient to afford a basis for the relief sought. We have already indicated our views as to such contention. In the other contention, it is argued that “the trial judge denied petitioner’s request for evi-dentiary hearing and dismissed the petition because a previous similar petition had been considered and denied.” If appellee is correct as to the quoted conclusion that “a previous similar petition had been considered and denied,” it would be correct in its contention. Bies v. State, Ala.Cr.App., 418 So.2d 940 (1982); Hall v. State, Ala.Cr.App., 424 So.2d 673 (1982), cert. denied, Ala.Sup. (1983). However, the record in the instant case does not support the contention that a “previous similar petition had been considered and denied.” We are unable to determine from the present record before us that any previous petition for coram nobis relief was “similar” to the petition now under consideration.
Notwithstanding the faulty language of the petition, it is meritorious on its face and, therefore, entitled the petitioner to a hearing on the merits of the petition unless it is subject to some valid affirmative defense such as that of res judicata, which respondent’s motion to dismiss possibly suggests, but which is not shown, either by the motion or by the order of the trial court rendered thereon.
The judgment of the trial court should be reversed and the cause remanded with directions that the trial court proceed with the cause in a manner consistent with this opinion.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.