TAYLOR, Judge.
Michael Ray Peavy was convicted of escape and sentenced to 8 years’ imprisonment. He thereafter moved for a new trial. The state moved to dismiss his motion as untimely filed, and it was dismissed. He then filed a “Motion For Relief From Judgment.” A hearing was had on this motion and the motion was thereafter denied. About 8 or 9 months thereafter Peavy petitioned for a writ of error coram nobis. The state thereupon moved to dismiss upon the grounds that the issues raised in the petition for writ of error coram nobis had been raised and heard in the motion for relief from judgment or that they could have been raised and considered in the motion for relief from judgment. The petition for writ of error coram nobis was dismissed and this appeal proceeds.
The issue on appeal seems to be whether the hearing afforded the appellant on his motion for relief from judgment prohibits him at this time from filing a petition for writ of error coram nobis. The state, in effect, asks us to interpret the previous motion as a petition for writ of error coram nobis and then to treat any matters which were or could have been considered at that time as now being foreclosed to the petitioner. The state cites Bies v. State, 418 So.2d 940 (Ala.Cr.App.1982), for the proposition that “issues adjudicated in a hearing on a petition for writ of error coram nobis are considered quasi res judicata.”
The issues raised by this petition seem to be that petitioner received inadequate assistance of counsel and that his guilty plea was not voluntarily made. He further evidently contends that he had a defense to the charge of escape. These are matters cognizable upon a petition for writ of error coram nobis. We are unable to say from the law that the previous motion, hearing, and ruling on a motion for relief from judgment now can prohibit Peavy from petitioning for a writ of error coram nobis. Accordingly, the judgment of the circuit court is reversed and the cause remanded to the circuit court with instructions to conduct an evidentiary hearing.
REVERSED AND REMANDED.
All the Judges concur.