William Wesley TILLETT, Appellant,

v.

Robert M. FREEMAN and the Attorney General of the State of Pennsylvania, Leroy S. Zimmerman and the District Attorney of Lancaster County, Appellees.

No. 88–1591.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Jan. 27, 1989.

Decided Feb. 23, 1989.

---

Edward H. Weis, Atty.-in-charge, Defender Ass'n of Philadelphia, Federal Courts Div., Philadelphia, Pa., for appellant.

Joseph C. Madenspacher, Office of the Dist. Atty., Lancaster, Pa., Leroy S. Zimmerman, Atty. Gen., Paul M. Yatron, First Deputy Atty. Gen., Robert A. Graci, Chief Deputy Atty. Gen., Appeals and Legal Services Section, and Andrea F. McKenna, Deputy Atty. Gen., Appeals and Legal Services Section, Harrisburg, Pa., for appellees.

Before GIBBONS, Chief Judge, SEITZ and GREENBERG Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Chief Judge:

William Wesley Tillett appeals from an order dismissing his petition for habeas corpus relief from confinement pursuant to a Pennsylvania court sentence. The petition was dismissed on the authority of *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), because the petition presented both exhausted and unexhausted claims. The unexhausted claims do not state a claim on which habeas corpus relief is available in a federal court. Thus, the district court erred in relying on them in dismissing the petition on exhaustion grounds. Therefore, we will reverse the order dismissing the petition and remand for consideration of the remaining federal claims, which have been exhausted.

Tillett was charged in the Court of Common Pleas of Lancaster County with filing false sales tax returns and conspiracy. He was convicted in a jury trial and sentenced. He appealed to the Pennsylvania appellate court, but that appeal was abandoned. Thereafter, he initiated proceedings under the Pennsylvania Post Conviction Hearing Act, 42 Pa.Cons.Stat.Ann. §§ 9541–51 (Purdon 1982 & Supp.1988) (recently amended and renamed Post Conviction Relief Act, 1988 Pa.Legis.Serv. 229–232 (Purdon)). In those proceedings he challenged the effectiveness of counsel who represented him in the proceedings resulting in his incarceration. Tillett contended that counsel was ineffective (1) in failing to file motions to suppress and to object to certain prejudicial statements, and (2) in advising him and persuading him to withdraw his direct appeal because "it would look better for him." These claims have been fully exhausted.

In his federal habeas corpus petition, Tillett presents the claims of ineffective assistance of counsel referred to in the preceding paragraph. Tillett also alleges that the attorney who represented him in the Pennsylvania Post Conviction Hearing Act litigation was ineffective in failing to file a brief on his behalf, in failing to call witnesses at a hearing, and in failing to raise a question respecting the jurisdiction of the trial court which convicted him.

The district court referred Tillett's petition to a United States magistrate, who recommended that it be dismissed. The magistrate found that the claims of ineffective assistance of counsel at trial and on direct appeal had been presented, but that the claims of ineffective assistance of counsel in the Pennsylvania Post Conviction Hearing Act litigation had not. The district court, adopting the report and recommendation of the magistrate, dismissed the appeal. A panel of this court granted a certificate of probable cause to appeal and appointed counsel for Tillett.

The first question presented is whether a claim of ineffective assistance of counsel during Post Conviction Hearing Act proceedings is a federal law claim for

which relief may be granted under 28 U.S.C. § 2241(c)(3) (1982). That question is resolved by *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), which rejects the contention that when Pennsylvania chooses to provide counsel in such proceedings the counsel must meet the same standards of performance as the federal Constitution requires on direct appeal. *Pennsylvania v. Finley* establishes that a claim of ineffective assistance of counsel in a Post Conviction Hearing Act proceeding is not one arising under the Constitution or laws of the United States. It is at most one arising under Pennsylvania law.

■ The next and dispositive question is whether an unexhausted claim arising under state law is a ground for dismissing a habeas corpus petition on the authority of *Rose v. Lundy.* Since such a claim is not even cognizable in a habeas corpus petition pursuant to 28 U.S.C. § 2241(c)(3), none of the purposes attributed by the *Rose v. Lundy* opinion as support for its exhaustion rule have any application. *See Pringle v. Court of Common Pleas,* 744 F.2d 297, 300 (3d Cir.1984); *Martin v. Solem,* 801 F.2d 324, 331 (8th Cir.1986); *Hall v. Iowa,* 705 F.2d 283, 287 (8th Cir.1983). Thus, we hold that the district court erred in dismissing Tillett's habeas corpus petition for failure to exhaust claims of ineffective assistance of counsel in his Post Conviction Hearing Act proceedings.

The judgment dismissing Tillett's petition will be reversed and the case remanded to the district court for further proceedings on those federal claims which were presented to the Pennsylvania courts.[1]

---

1. Because *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), controls on the question whether a claim of ineffective assistance of counsel is one arising under the constitution or laws of the United States we have no reason to address Tillett's contention that we should adopt a supervisory rule that before mixed petitions by pro se petitioners are dismissed, the court should advise such petitioners that they have the right to dismiss the unexhausted federal law claims. *See Dooley v. Petsock,* 816 F.2d 885 (3d Cir.1987); *Reynolds v. Ellingsworth,* 843 F.2d 712 (3d Cir.1988).