This is an appeal from the denial of a petition for post-conviction relief.
In 1981, Otto Mayes was convicted of rape in the first degree and sentenced to life without parole as a habitual felony offender. That same year, this Court affirmed his conviction without opinion. Mayes v. State, 416 So.2d 1117.
In 1984, Mayes filed a petition for writ of error coram nobis in circuit court challenging his 1981 conviction and alleging the ineffective assistance of trial counsel. This petition was denied after an evidentiary hearing. There was no appeal from this denial.
After having unsuccessfully sought federal relief, Mayes filed a Rule 20 petition for post-conviction relief in the state circuit court in March 1989, alleging that his counsel at the coram nobis proceedings was ineffective for not appealing the denial of the 1984 coram nobis petition to this Court. The circuit court granted the State's motion and dismissed the petition without an evidentiary hearing.
Article I, § 6, of the Alabama Constitution of 1901, provides in pertinent part "[t]hat in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either." This guarantee to the assistance of counsel does not extend to collateral or post-conviction proceedings because they are civil in nature. Donald v. State, 456 So.2d 142, 143
(Ala.Cr.App. 1984) *Page 39 
("Since this is true, then this petitioner could not be deprived of effective assistance of counsel by anything his counsel, retained or appointed, might have done at this hearing."); Hobson v. State, 425 So.2d 511, 513-14
(Ala.Cr.App. 1982); Bies v. State, 418 So.2d 940, 942
(Ala.Cr.App. 1982). See generally Annot., 15 A.L.R. 4th 582 (1982). Even in the case of a death row inmate seeking state post-conviction relief, neither the Eighth Amendment nor the Due Process Clause of the Constitution of the United States requires the state to appoint counsel. Murray v. Giarratano, 492 U.S. ___, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989). "[T]he Sixth Amendment right to effective assistance of counsel does not attach to post-conviction proceedings because they are civil in nature." Williams v. Lockhart, 849 F.2d 1134, 1139
(8th Cir. 1988). See also Tillett v. Freeman, 868 F.2d 106, 108
(3d Cir. 1989) ("[A] claim of ineffective assistance of counsel in a Post Conviction Hearing Act proceeding is not one arising under the Constitution or laws of the United States. It is at most one arising under Pennsylvania law.").
It is clear under Alabama law that there is no requirement that indigent petitioners be furnished counsel regarding post-conviction proceedings. Ex parte Cox, 451 So.2d 235, 237
(Ala. 1983). Because a state prisoner "ha[s] no constitutional right to coram nobis counsel, see Pennsylvania v. Finley,481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987), he cannot excuse a procedural default based upon ineffective assistance rendered by that counsel. See [Wainwright v.] Torna, 455 U.S. [586,] 587-88, 102 S.Ct. [1300,] 1301-02, [71 L.Ed.2d 475 (1982)]." Toles v. Jones, 888 F.2d 95, 99-100 (11th Cir. 1989).
The judgment of the circuit court dismissing the petition for post-conviction relief is affirmed.
AFFIRMED.
All Judges concur.