**Richard SUTTON**

v.

**Donald T. VAUGHN, et al.**

**Civ. A. No. 90–2787.**

United States District Court, E.D. Pennsylvania.

July 20, 1990.

Richard Sutton, pro se.

Elizabeth J. Chambers, Asst. Dist. Atty., Philadelphia, Pa., for defendants.

MEMORANDUM

KATZ, District Judge.

On July 8, 1981, after a bench trial before the Honorable Juanita Kidd Stout, of the Philadelphia Court of Common Pleas, petitioner was found guilty of second degree murder, attempted murder, two counts of robbery, criminal conspiracy, and possession of an instrument of crime for his participation in a November 12, 1980 gun-point robbery of Tyrone Moses Fulton and Peggy Graham in Philadelphia, during which petitioner killed Mr. Fulton and shot Ms. Graham in her right eye (Philadelphia County Information Nos. 1738–1739, 1741, 1744–1746, January Term, 1981). On October 13, 1981, following the denial of post-verdict motions, Judge Stout sentenced petitioner to life imprisonment for the murder of Mr. Fulton; a consecutive term of five to ten years imprisonment for the attempted murder of Ms. Graham, and a total of fifteen to twenty years, concurrent with the life sentence, for the robbery of Ms. Graham and for conspiracy.

Petitioner then appealed his conviction through trial counsel, Robert Scandone, Esquire. The Pennsylvania Superior Court affirmed the judgment of sentence on September 9, 1983, in an unpublished opinion. *Commonwealth v. Sutton,* 319 Pa.Super. 614, 466 A.2d 715 (1983). Petitioner's subsequent request to file a petition for allowance of appeal *nunc pro tunc* was granted by the Pennsylvania Supreme Court on May 3, 1984. The Supreme Court refused discretionary review on September 25, 1984. *Commonwealth v. Richard Sutton,* No. 213 E.D. Allocatur Docket 1984.

On April 12, 1985, petitioner filed a *pro se* petition under Pennsylvania's Post Conviction Hearing Act (PCHA), 42 Pa. Cons. Stat.Ann. § 9541, *et seq.* (Purdon 1982) (now superseded), alleging the ineffective assistance of trial counsel. Counsel, Louis Mairone, Esquire, was appointed and he filed an amended petition on April 4, 1986, alleging the ineffective assistance of trial counsel for not objecting to testimony purportedly related to other criminal conduct by petitioner. New counsel, Pietro A. Barbieri, Esquire, was appointed after petitioner and Mr. Mairone disagreed on the course the proceedings should take. After reviewing the trial record and conducting an extensive investigation, Mr. Barbieri filed a "no merit" letter. *See Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Upon an independent review of the record, the Honorable Joseph D. O'Keefe, of the Court of Common Pleas of Philadelphia County, denied the petition on November 3, 1986.

Petitioner did not appeal the adverse PCHA order, thus affording the Pennsylvania appellate courts no opportunity to review his contentions. It should be noted that Judge O'Keefe specifically advised Petitioner of his rights to appeal. Transcript of 11/13/86 hearing p. 4.

On December 27, 1989, petitioner filed a second *pro se* petition, in which he alleged the ineffective assistance of counsel for filing a *Finley* letter and incorporated his *pro se* and counseled claims from the first PCHA petition. The Honorable James McCrudden, of the Philadelphia Court of Common Pleas, dismissed the petition on January 30, 1990, finding that petitioner had alleged no miscarriage of justice to overcome the waiver provisions of the post conviction act.

Petitioner did not appeal the second PCHA order.

In the present habeas petition, filed on or about April 25, 1990, petitioner alleges that the PCHA court erred in denying his second PCHA petition and that the practice in Pennsylvania of filing *Finley* letters violates *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Petitioner also incorporates the various claims he raised in his state collateral petitions.

Petitioner is not entitled to federal habeas review or relief at the present time. The petition must be dismissed because petitioner has not exhausted state remedies on his habeas claims.[1] To satisfy

---

1. Petitioner's claim that the PCHA court misapplied Pennsylvania law on successive petitions is a state law claim which is not grounds for federal habeas relief. *See Engle v. Isaac,* 456

the federal habeas requirement, a state prisoner must give the state's highest court a fair opportunity to review the merits of his habeas claims. *See Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Brown v. Cuyler*, 669 F.2d 155 (3d Cir.1982); 28 U.S.C. § 2254(b). Petitioner has not provided that opportunity since he raised none of his present habeas claims on direct appeal, nor did he file a collateral appeal.

A state remedy is still available to petitioner through which he may seek review of his claims. He may file another PCHA petition, alleging with appropriate factual averments that ineffective assistance of prior PCHA counsel in failing to file an appeal resulting in a miscarriage of justice. *See Commonwealth v. Albert*, 522 Pa. 331, 561 A.2d 736 (1989) (ineffective assistance of PCHA counsel claims are cognizable in state court); *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988) (successive PCHA petitions are permitted with a demonstration that a miscarriage of justice has occurred). Thus, since the state courts will review petitioner's claims, this court must require the exhaustion of that state remedy before affording federal habeas review.[2] *See Ross v. Petsock*, 868 F.2d 639 (3d Cir. 1989).

### ORDER

AND NOW, this 20th day of July, 1990, it is hereby ORDERED that the Petition for a Writ of Habeas Corpus is DENIED, without prejudice, with leave to file another such Petition in this court, if petitioner is unable to obtain relief by filing another PCHA petition in state court and exhausting his state court appeals, if such new Petition were denied.

There is no probable cause to appeal this Order.

U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (federal habeas corpus statute applicable only to allegations of the violation of federal rights). Moreover, petitioner's claim that *Finley* letters are unconstitutional was decided against his position in *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), and petitioner's claim of the ineffective assistance of counsel in the first PCHA for filing a *Finley* letter presents no cognizable federal claim. *Tillett v. Freeman*, 868 F.2d 106 (3d Cir.1989). Accordingly, it is petitioner's failure to present his other habeas claims for full state appellate review which presents the basis for the present exhaustion ruling.

**2.** If state collateral review were not available, petitioner's above claims would be waived under state law. *See Commonwealth v. Piper*, 458 Pa. 307 n. 5 at 310, 328 A.2d 845, n. 5 at 847 (1974) (claim abandoned on appeal is waived). That procedural default would constitute an independent state ground precluding federal habeas corpus review of the above claims, absent a showing of cause for, and prejudice from, the default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Since petitioner has alleged neither cause nor prejudice for his state default, federal habeas review would be precluded. *See Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 1067–1069, 103 L.Ed.2d 334 (1989). To the extent that petitioner would allege the ineffective assistance of counsel in not filing the appeals as the cause of his defaults, those claims would also require dismissal of the present petition on exhaustion grounds. *See Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).