The appellant, Marcus Young, was convicted of two counts of robbery in the first degree and one count of escape in the third degree. He was sentenced to 99 years' imprisonment for each robbery conviction and to one year and one day for the escape conviction. The sentences were to run consecutively. The convictions were affirmed on direct appeal in an unpublished memorandum. Young v. State, 706 So.2d 863 (Ala.Cr.App. 1997) (Table).
The appellant filed a post-conviction petition pursuant to Rule 32, Ala.R.Crim.P., attacking his convictions. Following an evidentiary hearing, the circuit court denied the petition; this appeal followed.
 I.
The appellant claims that the circuit court erred in failing to make written findings of fact after the evidentiary hearing, as required by Rule 32.9 (d), Ala.R.Crim.P. The record supports the appellant's claim and the state, in its brief, requests that we remand this cause so that the circuit court can enter the appropriate order in compliance with the rule. Parker v. State,675 So.2d 897 (Ala.Cr.App. 1995). However, in the interest of judicial economy, we will address the other issues raised in the petition.
 II.
The appellant argues that the trial court violated Canon 3, Canons of Judicial Ethics, by constantly interrupting the appellant's attorney during the presentation of his case at the evidentiary hearing. The appellant failed to object to the interruptions; therefore, this issue is procedurally barred from review. See McCollum v. State, 678 So.2d 1210, 1213 (Ala.Cr.App. 1995) (absent an objection and an adverse ruling by the trial court, nothing is presented to the appellate court for review).
 III.
The appellant contends that his Rule 32 counsel was ineffective for failing to object to the circuit court's interruptions during the hearing. However, "[i]t is clear under Alabama law that there is no requirement that indigent petitioners be furnished counsel regarding post-conviction proceedings." Mayes v. State,563 So.2d 38, 39 (Ala.Cr.App. 1990); Rule 32.7 (c), Ala. R.Crim.P. Post-conviction proceedings are civil in nature; consequently, the constitutional right to effective assistance of counsel does not attach. Id. (Citations omitted.) The appellant's claim is without merit.
As stated in Part I, we are remanding this cause to the circuit court with instructions that it "make specific findings of fact relating to each material issue of fact presented" in compliance with Rule 32.9 (d). Due return should be filed in this court within 28 days of the date this opinion is released.
REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.
* Note from the reporter of decisions: On October 2, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.