COBB, Judge,
dissenting.
I respectfully dissent from the majority’s conclusion in the unpublished memorandum in this case that the circuit court did not have the authority to grant an out-of-time appeal of the circuit court’s denial of Sweeney’s Rule 32, Ala.R.Crim.P., petition for postconviction relief. The facts in this case indicate that the trial court granted Sweeney an out-of-time appeal after learning that Sweeney’s attorney, appointed by the circuit court to handle Sweeney’s appeal, failed to timely file a notice of appeal with this court, through no fault of Sweeney’s.
I believe this court’s rationale in Fountain v. State, [Ms. CR-99-0378, April 28, 2000] — So.2d-(Ala.Crim.App.2000), should apply in this case also. In Fountain, this court stated,
“A plain reading of Rule 32, Ala. R.Crim.P., reveals that the Alabama Rules of Criminal Procedure do not specifically provide for an out-of-time appeal from the denial of a Rule 32 petition, neither do the Rules specifically prohibit such relief. However, Rule 1.2 of the Alabama Rules of Criminal Procedure provides the following:
*1021 “ ‘These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of individuals while preserving the public welfare.’
“While there is no caselaw that directly addresses the issue, there is caselaw in which Alabama appellate courts have interpreted the Alabama Rules of Criminal Procedure in such a way as to protect the rights of individuals and to assure fairness in the administration of our judicial process.”
— So.2d at-.
Using the same rationale as set out in Fountain, there can be no doubt that had Sweeney’s attorney filed a timely notice of appeal with this court, as she was appointed to do, Sweeney would have been entitled to appeal the circuit court’s decision to this court. The circuit court properly concluded that Sweeney was deprived of his opportunity to appeal the circuit court’s decision, through no fault of his own. I therefore believe that, under these circumstances, to deny Sweeney the opportunity to seek an out-of-time appeal of the circuit court’s denial of postconviction relief, solely because the Alabama Rules of Criminal Procedure do not specifically provide such a procedure, denies Sweeney his right to procedural due process and is not a fair administration of justice. I believe a sense of fundamental fair play requires us to recognize a petitioner’s right to petition a circuit court for an out-of-time appeal pursuant to Rule 32.1(f), Ala.R.Crim.P., of that court’s denial of postconviction relief when the petitioner has been denied the ability to file a timely appeal, through no fault of his or her own, because of a mistake made by appointed counsel or by the court.[1] Art. I, § 35, Alabama Constitution of 1901. For that reason, I must respectfully dissent.

. I realize that this court has held that the Sixth Amendment right to effective assistance of counsel does not attach in postconviction proceedings because such proceedings are civil in nature. Mayes v. State, 563 So.2d 38, 39 (Ala.Crim.App.1990). However, I have come to no conclusions as to whether Sweeney’s appointed counsel rendered ineffective assistance. 1 simply believe that when a citizen has been denied access to our courts through no fault of his or her own, and when the Rules of Criminal Procedure can be interpreted to allow that petitioner the fundamental right to their day in court, we should interpret the rules accordingly.